IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CV-527-FL

| | |
|---|---|
| CHRISTOPHER WAYNE AYCOCK, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JIMMY L. LOVE, JR. 11th District Court Judge, N.C.; LEON A. LUCAS; and J. FRANKLIN WOOD, JR. 11th District Court Judge, N.C., | ) |
| Defendants. | ) |

This matter is before the court for review of plaintiff's pro se complaint, (DE 1), pursuant to 28 U.S.C. § 1915(e), and upon plaintiff's motion for extension of time to file documents and to appoint counsel. (DE 4). United States Magistrate Judge Robert B. Jones, Jr., entered order and memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint, and deny the motion as moot. (DE 7). Plaintiff filed an objection to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews

only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Plaintiff contends his Fourteenth Amendment Due Process rights were violated in state court custody proceedings occurring over a period from 2020–2022 by two judges and an attorney. The magistrate judge recommends dismissal of plaintiff's claims against Judges Jimmy L. Love, Jr. ("Love") and J. Franklin Wood, Jr. ("Wood") on the basis of judicial immunity, and dismissal of plaintiff's claim against private defense lawyer Leon Lucas ("Lucas"), construed as a claim under 42 U.S.C. § 1983, for failure to allege deprivation resulting from conduct committed by a person acting under state law.

Plaintiff in his objection does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. Rather, he again alleges Judges Love and Wood violated his due process rights, without addressing the issue of immunity. See Stump v. Sparkman, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'"). With respect to defense lawyer Lucas, plaintiff restates his claim that his due process rights were violated, without response to the issue of failure to allege government action. See West v. Atkins, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege

the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). The court accordingly reviews the M&R only for clear error. See Diamond, 416 F.3d at 315.

Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough, and there is no clear error. Based on the foregoing, the court ADOPTS the recommendation in the M&R. (DE 7). Plaintiff's complaint is DISMISSED for failure to state a claim, and plaintiff's motion (DE 4) is TERMINATED AS MOOT. The clerk of court is DIRECTED to close the case.

SO ORDERED, this the 5th day of April, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge